**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RACHEL DAWES,<br><br>      Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, and EQUIFAX<br>INFORMATION SERVICES, LLC,<br><br>      Defendants, | **Civil Action Number:**<br><br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff RACHEL DAWES ("Plaintiff"), by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant TRANS UNION, LLC ("Transunion") and Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), collectively referred to as "Defendants", and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PREMLIMINARY STATEMENT**

1. This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION & VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as one or more of the Defendants resides in this District.

4.      Under Fed. R. Civ. P. 20(a), joinder is proper where: (1) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants.

## PARTIES AND SERVICE

### Plaintiff Rachel Dawes

5.      At all times relevant Plaintiff was a resident of Broken Arrow, Oklahoma.

6.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

### Defendant Trans Union, LLC

7.      Defendant Transunion is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district with its corporate headquarters located at 555 W Adams Street, Chicago, Illinois, 60661. Transunion may be served with process upon ILLINOIS CORPORATION SERVICE COMPANY, its registered agent for service of process, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8.      At all times material hereto, Defendant Transunion is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

9.      At all times material hereto, Defendant Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

### Defendant Equifax Information Services, LLC

10.      Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax

may be served with process upon ILLINOIS CORPORATION SERVICE COMPANY, its registered agent for service of process, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11.     At all times material hereto, Defendant Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

12.     At all times material hereto, Defendant Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

10.     On or about November 7, 2022, Plaintiff obtained a secured credit card account with Hatfield Inc. d/b/a Grid ("Grid") with a credit limit of about $60, account number ending with -SKCY (the "Credit Card").

11.     Shortly after, Grid began furnishing the Credit Card as an "Account" on Plaintiff's consumer reports published by Defendants Transunion and Equifax, and Experian Information Solutions, Inc.

12.     In March 2023, Plaintiff failed to make her complete minimum payment on the Credit Card leaving a $1.00 remaining balance.

13.     Plaintiff's March 2023 payment to the Credit Card was "30 days late".

14.     In April of 2023, Plaintiff paid off the remaining $1.00 balance on the Credit Card, and received notification from Grid that her Credit Card was fully paid.

15.     However, Defendants falsely and erroneously published that Plaintiff's April 2023 payment was "60 days late", May 2023 payment was "90 days late", and June 2023 payment was "120 days late".

**Defendant Equifax's violation of 1681i(a):**

17.     On August 31, 2023, Plaintiff obtained a copy of her credit reports and discovered that Defendant Equifax was incorrectly reporting the Account as having false and erroneous late payment statuses for April, May, and June 2023.

18.     Plaintiff's Equifax consumer report falsely indicated that the Account was "60 days late" in April 2023, "90 days late" in May 2023, and "120 days late" in June 2023.

**First Dispute**

19.     On August 31, 2023, Plaintiff disputed the Account's payment history with Defendant Equifax, detailing the inaccuracies and providing proof of payment of the Credit Card.

20.     Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not review the supplied documentation provided by the Plaintiff.

21.     Instead, Defendant Equifax relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

22.     On September 22, 2023, Defendant Equifax sent Plaintiff a cursory response stating the disputed payment history was verified and would remain on her credit report.

23.     Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

24.     Plaintiff was subsequently denied for credit opportunities citing poor credit as reasoning for the denial.

**Second Dispute**

25.     On October 4, 2023, Plaintiff again disputed the Account's false and erroneous payment history with Defendant Equifax detailing the inaccuracies and providing proof of payment of the Credit Card.

26.    Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not review the supplied documentation provided by Plaintiff.

27.    On October 29, 2023, Defendant Equifax sent Plaintiff a cursory response stating the disputed payment history was verified and would remain on her credit report.

28.    Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

29.    On October 30, 2023, Plaintiff noticed a duplicate reporting of the Account on Plaintiff's Equifax consumer report.

**Third Dispute**

30.    At some time better known to Equifax, Equifax duplicated the Account, reporting a second Account furnished by Grid with a false and erroneous "120 days late" for June 2023 (the "Duplicate Account"), severely affecting Plaintiff's creditworthiness and reputation.

31.    On October 30, 2023, Plaintiff disputed the Account and the Duplicate Account with Defendant Equifax detailing the inaccuracies and informing of the inaccurate payment history and duplicate tradeline error.

32.    Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not review the supplied documentation provided by the Plaintiff.

33.    Less than 12 hours after Plaintiff submitted the dispute, Defendant Equifax sent a response saying that the investigation into her dispute was completed and verified both the Account and the Duplicate Account.

34.    Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

**Fourth Dispute**

35.     On October 30, 2023, Plaintiff disputed the Account and the Duplicate Account with Defendant Equifax, detailing the inaccuracies and informing them of erroneous payment history and the duplicate tradeline error.

36.     Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not review the supplied documentation provided by the Plaintiff.

37.     On November 12, 2023, Defendant Equifax sent Plaintiff a cursory response to her fourth dispute, stating the payment history of the Account and duplicate reporting of the tradeline was verified and would remain on her credit report.

38.     Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

39.     Plaintiff was subsequently denied for credit opportunities citing poor credit as reasoning for the denial.

40.     To this date Defendant Equifax continues to publish false and erroneous information relating to the Account and the Duplicate Account on Plaintiff's consumer report.

41.     Defendant Equifax failed to promptly delete or correct the inaccurate information relating to the Account and the Duplicate Account, and the false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

42.     Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation the Plaintiff suffers from injury to her creditworthiness and reputation, potential lost housing opportunities, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

43.      Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Equifax's violation of 1681e(b)**

44.      Defendant Equifax did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained an erroneous payment history and duplicate tradeline reporting.

45.      Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained an erroneous payment history and duplicate tradeline reporting.

46.      Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving at least four disputes from the Plaintiff relating to her consumer report and the Account.

47.      Defendant Equifax's failure to take adequate steps to verify information before Equifax included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

48.      Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

49.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. §
1681e(b).

**Defendant Transunion's violation of 1681i(a):**

50.     In September 2023, Plaintiff obtained a copy of her Transunion consumer report and
discovered that Defendant Transunion was incorrectly reporting the Account with a false and
erroneous "60 days late" payment status in April 2023.

51.     Plaintiff's Transunion consumer report falsely indicated that the Account's payment
history was 60 days late in April 2023, severely affecting the Plaintiff's creditworthiness and
reputation.

**First Dispute**

52.     In September 2023, Plaintiff disputed the Account with Defendant Transunion, detailing
the inaccuracy and informing them of the inaccurate payment history for April 2023.

53.     Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not review
the supplied documentation provided by the Plaintiff.

54.     On September 28, 2023, Defendant Transunion sent Plaintiff a cursory response stating
that the incorrect payment history was verified and would remain on her credit report.

55.     Defendant Transunion did not provide a summary of the investigation or any
substantiating documentation.

56.     Plaintiff was subsequently denied for credit opportunities citing poor credit as reasoning
for the denial.

**Second Dispute**

57.     In November 2023, Plaintiff again disputed the Account with Defendant Transunion,
detailing the inaccuracy and informing them of the inaccurate payment history.

58.    Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not review the supplied documentation provided by the Plaintiff.

59.    On November 16th, 2023, Defendant Transunion sent Plaintiff a cursory response stating the disputed payment history was verified and would remain on her credit report.

60.    Defendant Transunion did not provide a summary of the investigation or any substantiating documentation.

61.    Plaintiff was subsequently denied for credit opportunities citing poor credit as reasoning for the denial.

62.    To this date Defendant Transunion continues to publish false and erroneous information relating to the Account's payment history on Plaintiff's Transunion consumer reports.

63.    Defendant Transunion failed to promptly delete or correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

64.    Due to Defendant Transunion's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

65.    Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Transunion's violation of 1681e(b)**

66.    Defendant Transunion did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion

published a consumer report relating to the Plaintiff which contained an erroneous payment history on Plaintiffs Account.

67. Defendant Transunion did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained erroneous payment history on Plaintiff's Account.

68. Defendant Transunion did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving at least two disputes from the Plaintiff relating to her consumer report and Account.

69. Defendant Transunion's failure to take adequate steps to verify information before Transunion included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

70. Due to Defendant Transunion's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

71. Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful Violation of § 1681(i)(a) as to Defendant Equifax

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length

herein.

71.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. 15 § 1681 et seq.

72.    Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

73.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

a)    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c)    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d)    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e)    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f)    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)    The failure to take adequate steps to verify information Equifax had reason to

believe was inaccurate before including it in the credit report of the consumer.

74.     Due to the conduct, action, and inaction of the Defendant Equifax, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

75.     The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n).

76.     Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**SECOND CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent Violation of § 1681(i)(a) as to Defendant Equifax**

77.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

78.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. 15 § 1681 et seq.,

79.     Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

80.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

a)      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)      The failure to correct erroneous personal information regarding the Plaintiff

after a reasonable request by Plaintiff;

c)    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d)    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e)    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f)    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g)    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)    The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

81.    Due to the conduct, action, and inaction of the Defendant Equifax, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

82.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

83.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### THIRD CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful Violation of § 1681(e)(b) as to Defendant Equifax**

84.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. 15 § 1681 et seq.

86. Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

87. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d) The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to

believe was inaccurate before including it in the credit report of the consumer.

88.     Due to the conduct, action, and inaction of the Defendant Equifax, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

89.     The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n)

90.     Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**FOURTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent Violation of § 1681(e)(b) as to Defendant Equifax**

91.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

92.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. 15 § 1681 et seq.,

93.     Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

94.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

        a)      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)      The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c)      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d)      The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e)      The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f)      The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g)      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)      The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

95.     Due to the conduct, action, and inaction of the Defendant Equifax, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

96.     The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

97.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**FIFTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful Violation of § 1681(i)(a) as to Transunion**

98.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

99.     This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

100.    Transunion violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

101.    Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

   a)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b)     The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c)     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d)     The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

   e)     The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f)     The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)     The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

102.   Due to the conduct, action, and inaction of the Defendant Transunion, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

103.   The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n).

104.   Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### SIXTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent Violation of § 1681(i)(a) as to Transunion**

105.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

106.   This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.,

107.   Transunion violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

108.   Transunion has negligently failed to comply with the Act. The failure of Transunion to

comply with the Act includes but is not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d)  The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

109.  Due to the conduct, action, and inaction of the Defendant Transunion, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

110.  The conduct, action and inaction of Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

111.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## SEVENTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful Violation of § 1681(e)(b) as to Transunion

112.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

113.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

114.    Transunion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning Plaintiff.

115.    Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

a)      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)      The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c)      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d)      The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

e)      The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f)       The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)       The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)       The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

116.    Due to the conduct, action, and inaction of the Defendant Transunion, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

117.    The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

118.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## **EIGHTH CAUSE OF ACTION**
### **Violations of the Fair Credit Reporting Act**
### **Negligent Violation of § 1681(e)(b) as to Transunion**

119.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

120.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.,

121.    Transunion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files that Transunion maintained concerning Plaintiff.

122.    Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

  a)    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b)    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

  c)    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

  d)    The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

  e)    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f)    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

  g)    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

  h)    The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

123.    Due to the conduct, action, and inaction of the Defendant Transunion, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

124.    The conduct, action and inaction of Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

125.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## DEMAND FOR JURY TRIAL

126.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against Defendant as follows:

1.  Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant as to Defendant Transunion and Defendant Equifax;

2.  Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant as to Defendant Transunion and Defendant Equifax;

3.  Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant as to Defendant Transunion and Defendant Equifax;

4.  Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** December 19, 2023

Respectfully submitted

**JAFFER & ASSOCIATES PLLC**

/s/ *Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 24107817
875 North Michigan Ave
31st Floor,
Chicago, Illinois 60611
Tel:    (469) 589-5605
Fax:    (469) 669-0786
Email: ndil@jaffer.law
***Attorneys for Plaintiff***